CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STX PAN OCEAN CO., LTD.,

                Plaintiff,

    v.

IKHLAS OFFSHORE SHIPPING CO. PTE. LTD

                Defendant.
------------------------------------------------------------X



07 CV 11354

07 CV _____

**VERIFIED COMPLAINT**

Plaintiff STX PAN OCEAN CO., LTD. (hereinafter "STX PAN OCEAN"), by its attorneys, as and for its Verified Complaint against the Defendant IKHLAS OFFSHORE SHIPPING CO. PTE. LTD (hereinafter "IKHLAS"), alleges upon information and belief as follows:

## JURISDICTION AND THE PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. At all times material hereto, Plaintiff STX PAN OCEAN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country; with offices in Korea.

3. At all times material hereto, Defendant IKHLAS was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country; with offices in Singapore.

## FACTS CAUSE OF ACTION FOR HIRE

4. On or about October 25, 2007, STX PAN OCEAN entered into a maritime contract with IKHLAS, to allow for the use of the MV OCEAN STAR to carry a cargo of iron ore from India to Singapore/Japan.

5. This contract between STX PAN OCEAN and IKHLAS is a maritime contract consisting of a fixture recap and Time Charter, dated October 25, 2007. (hereinafter referred to as the "maritime contract").

6. Pursuant to the terms and conditions of this maritime contract, STX PAN OCEAN and IKHLAS, agreed to, among other things, the payment of hire and the arbitration of disputes arising out of the maritime contract.

7. In accordance with the terms of the maritime contract, the MV OCEAN STAR was delivered, cargo was loaded, cargo was transported, cargo was discharged and hire was earned..

8. Although IKHLAS did make a partial payment of hire, approximately 20 days worth of hire remains unpaid by IKHLAS and is now due and owing in the amount of $972,903.04.

9. IKHLAS has failed to pay the outstanding hire in breach of the terms of the maritime contract, even though duly demanded by STX PAN OCEAN and despite the fact that STX Pan Ocean has fulfilled its obligations under the maritime contract.

10. The maritime contract provides that any disputes arising under said contract is subject to resolution by arbitration in London, England, and to be determined under English Law, none of which is deemed waived. In accordance with the terms of the arbitration clause, STX PAN OCEAN will initiate the arbitral process.

11. Under English Law, costs of arbitration and interest are recoverable, and are estimated to total $500,000.00 for this matter.

## PRAYER FOR RELIEF

12. Notwithstanding the fact that the liability of IKHLAS is subject to determination by London arbitration, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

13. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments to or from owners of vessels, or other charterers, and Defendant; and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks are located in this District in the possession of garnishees, including American Express Bank, Ltd., Bank of America, Bank of China, Bank of New York, Citibank NA, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Standard Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

14. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

15. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

16. In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in the London arbitration.

17. Plaintiff's aggregate claim of US $972,903.04 plus estimated awardable fees, costs and interest of US $500,000.00 totals US $1,472,903.04.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the

amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US $1,472,903.04, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
December 17, 2007

        CHALOS, O'CONNOR & DUFFY, LLP
        Attorneys for Plaintiff

By: _____
        Eugene J. O'Connor (EO-9925)
        Timothy Semenoro (TS-6847)
        366 Main Street
        Port Washington, New York 11050
        Tel: (516) 767-3600 / Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STX PAN OCEAN CO., LTD.,

       Plaintiff,

   v.                07 CV _____

IKHLAS OFFSHORE SHIPPING CO. PTE. LTD      **VERIFICATION OF COMPLAINT**

       Defendant.
-----------------------------------------------------------------X

  Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENERO, Esq., declares under the penalty of perjury:

  1.  I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff STX PAN OCEAN SHIPPING CO, LTD., herein;

  2.  I have read the foregoing complaint and knows the contents thereof; and

  3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

  I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      December 17, 2007

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff
                              STX PAN OCEAN SHIPPING CO, LTD.

By: _____
                              Timothy Semenoro (TS-6847)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel: (516) 767-3600 / Fax: (516) 767-3605

2